UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | No. 2:13-cv-00939-MCE-CKD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SANDEEP KAUR RANGEE, DBA "PIZZA MARKET" | |
| Defendant. | |

On May 13, 2013, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff"), filed a Complaint against Sandeep Kaur Rangee, individually and doing business as Pizza Market ("Defendant"), bringing causes of action for violations of state and federal law arising from the unauthorized reception of cable service and the unauthorized publication or use of communications.  The parties stipulated to the dismissal of the case.  Plaintiff now moves to re-open this action and asks for a protective order.  For the following reasons, Plaintiff's motion is DENIED without prejudice.[1]

///

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).

1

**BACKGROUND**

Plaintiff's Complaint alleged that Defendant violated Plaintiff's rights under state and federal law as the exclusive commercial domestic distributor of a televised fight program. Compl., ECF No. 1. On June 24, 2013, Plaintiff filed a notice of settlement indicating that the parties "settled *all* claims . . . in *their entirety*." Notice of Settlement, ECF No. 5. Shortly thereafter*,* on July 2, 2013, Plaintiff submitted a stipulation of dismissal signed by both Plaintiff and Defendant stating that the action "is hereby dismissed *without prejudice.*" Stipulation of Dismissal, ECF No. 8. The stipulation further stated that "provided no Party . . . file[s] a motion to reopen this action by August 30, 2014, this Court shall *not* have jurisdiction to set aside the dismissal and the dismissal shall be deemed to be *with prejudice*." Id. (emphasis in original). The stipulation also noted that "[t]his dismissal is made pursuant to Federal Rules of Civil Procedure 41(a)(1)."[2] Id. Neither Plaintiff nor Defendant submitted to the Court a copy of their Settlement Agreement and Release. The Court dismissed Plaintiff's action without prejudice pursuant to Rule 41(a)(1), and the case was closed. ECF No. 9.

On September 4, 2013, Plaintiff moved to re-open the case on the grounds that Defendant failed to adhere to the terms of their settlement agreement. Motion, ECF No. 10. Counsel for Plaintiff's submitted a declaration in which he states that Defendant "did not comply with the terms of the settlement agreement, specifically, Defendant has not made payments to Plaintiff as required, and thus, Plaintiff is compelled to file its Motion to Reopen." ECF No. 10-1. Plaintiff did not submit a copy of the parties' Settlement Agreement and Release because it is confidential. ECF No. 10, n.4. In a footnote in its motion to re-open, Plaintiff stated that should the Court wish to review the parties' Release, Plaintiff will submit the document, but it first requests a protective order. Id. Defendant did not oppose or otherwise respond to Plaintiff's motion.

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise stated.

# ANALYSIS

Plaintiff seeks to re-open this action and also requests a protective order to cover disclosure of the parties' Settlement Agreement and Release.  ECF No. 10.  Plaintiff failed to make a sufficient showing to support either request; accordingly, both of Plaintiff's requests are DENIED without prejudice.

## A.    Plaintiff's Motion to Reopen

Although Plaintiff does not rely on Rule 60(b), or any other rule, as the basis for its motion to re-reopen the case, because Plaintiff's motion is seeking reconsideration of an order dismissing this case without prejudice and the motion was filed more than twenty-eight days after the entry of that order, the Court will treat it as a Rule 60(b) motion.[3]  It is immaterial that Plaintiff "did not mention Rule 60 in its motion to reopen because the label on a motion has little or no significance."  Brown Jordan Int'l Inc. v. Boles, 375 F. App'x 700, 701 (9th Cir. 2010) (characterizing a motion to re-open a case where a party sought to demonstrate that the opposing party had repeatedly breached the prior settlement agreement as a motion for relief from a final judgment).  Accordingly, Plaintiff's motion will be analyzed according to Rule 60(b).

///
///
///
///
///
///

---

[3] A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after judgment.  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  "Courts have held the [filing a voluntary dismissal] is a judgment, order, or proceeding from which Rule 60(b) relief can be granted."  In re Hunter, 66 F.3d 1002, 1004-05 (9th Cir. 1995).

1	Rule 60(b) provides for reconsideration of a final judgment or any order where
2 one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable
3 neglect; (2) newly discovered evidence which, with reasonable diligence, could not have
4 been discovered within twenty-eight days of entry of judgment; (3) fraud,
5 misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5)
6 satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P.
7 60(b). A motion for reconsideration on any of these grounds must be brought within a
8 reasonable time, and no later than one year, of the entry of the judgment or the order
9 being challenged. Id. Additionally, Local Rule 230(j) requires a party filing a motion for
10 reconsideration to show the "new or different facts or circumstances claimed to exist
11 which did not exist or were not shown upon such prior motion, or what other grounds
12 exist for the motion." E.D. Cal. Local Rule 230(j).
13	A court should be loathe to revisit its own decisions unless extraordinary
14 circumstances show that its prior decision was clearly erroneous. Christianson v. Colt
15 Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is embodied in the law
16 of the case doctrine, under which "a court is generally precluded from reconsidering an
17 issue that has already been decided by the same court, or a higher court in the identical
18 case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas
19 v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)). Mere dissatisfaction with the court's order,
20 or belief that the court is wrong in its decision, is not grounds for relief under Rule 60(b).
21 Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).
22	A district court may properly deny a motion for reconsideration that simply
23 reiterates an argument already presented by the petitioner. Maraziti v. Thorpe, 52 F.3d
24 252, 255 (9th Cir. 1995). Finally, motions for relief from judgment pursuant to Rule 59(e)
25 are addressed to the sound discretion of the district court. Turner v. Burlington N. Santa
26 Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).
27 ///
28 ///

1  Generally, "upon repudiation of a settlement agreement, the frustrated party may
2  sue anew for breach of the agreement and may not . . . reopen the underlying litigation
3  after dismissal." Keeling, 937 F.2d at 410.  However, "[r]epudiation of a settlement
4  agreement that terminated litigation pending before a court constitutes an extraordinary
5  circumstance, and it justifies vacating the court's prior dismissal order," where there is
6  evidence of "bad faith noncompliance." Id. at 410–11; see, e.g., Williams v. Horel, C 09-
7  5314 MMC PR, 2012 WL 1965748 at *2 (N.D. Cal. May 31, 2012) (holding that where
8  there was no evidence of bad faith noncompliance or repudiation of the settlement
9  agreement, no "extraordinary circumstance" existed to justify "vacating the court's prior
10  dismissal order"); Streeter v. Cnty. of Santa Clara, C 04-3969 CW PR, 2011 WL 830539
11  at *2 (N.D. Cal. Mar. 4, 2011) (finding that because there was no evidence of repudiation
12  of the settlement agreement or of bad faith noncompliance, no extraordinary
13  circumstances existed to warrant reconsideration of the court's dismissal of the action).[4]
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///

---

[4] Although the circuit courts are "sharply divided on whether, in the absence of fraud or undue influence, a settlement bars reopening the original controversy", the Ninth Circuit allows parties to move to vacate a court's prior dismissal order under Rule 60(b), rather than limiting the frustrated party to only suing for breach of the settlement agreement.  Delay v. Gordon, 475 F.3d 1039, 1045 n.11 (9th Cir. 2007); Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.) Ch. 15-C § 15:141.17; see Keeling v. Sheet Metal Workers Int'l Ass'n (9th Cir. 1991) 937 F2d 408, 410 (holding that in the Ninth Circuit, the breach of a settlement agreement may be sufficient to grant relief under Rule 60(b)).  When a party opts to enforce a settlement agreement rather than re-open the original controversy, a federal court must ensure that it has subject matter jurisdiction over the enforcement action. See In re Hunter, 66 F.3d 1002, 1006 (9th Cir. 1995) (internal citations omitted) (noting that "enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction"); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994).

1  To justify relief under Rule 60(b)(6), the repudiation must amount to a complete
2  frustration of the settlement agreement and not merely a single breach or disagreements
3  over proper interpretation.  See Hermetic Order of Golden Dawn, Inc. v. Griffin, 400 F.
4  App'x 166, 167 (9th Cir. 2010); Sakuma v. Ass'n of Apartment Owners of Tropics at
5  Waikele, 311 F. App'x 9, 11 (9th Cir. 2009) (citing Keeling); see, e.g., Menefield v. Yates,
6  1:10-CV-2406-MJS PC, 2012 WL 5288796 at *2 (E.D. Cal. Oct. 24, 2012) (noting, in
7  dicta, that the evidence presented suggested that the defendant did not repudiate the
8  settlement agreement and therefore suggesting that Rule 60(b)(6) would not be a proper
9  basis for setting aside the agreement); Glass v. Beer, 1:04-CV-05466-OWW, 2011 WL
10 1528471 at *2 (E.D. Cal. Apr. 20, 2011) (noting that a delay in payment does not
11 constitute "extraordinary circumstances to justify setting aside the stipulation of voluntary
12 dismissal entered in [the] case").

13  Here, Plaintiff merely alleges that "Defendant has not completed performance as
14 required." ECF No. 10.  Similarly, Plaintiff's attorney's declaration states only that
15 "Defendant has not made payments to Plaintiff as required." ECF No. 10-1.  Plaintiff's
16 allegations are not sufficient to justify relief under Rule 60(b)(6) because Plaintiff does
17 not allege a complete frustration of the settlement agreement.  See Keeling, 937 F.2d at
18 410.

19  Further, because Plaintiff did not submit a copy of the parties' Settlement
20 Agreement and Release, the Court cannot determine whether Defendant has repudiated
21 the agreement or merely missed payments.  It is unclear whether Defendant's actions
22 represent the type of extraordinary circumstances to justify setting aside the stipulation
23 of voluntary dismissal entered in this case under FRCP 60(b) or whether Defendant's
24 actions amount to a single breach or result from disagreements over interpretation of the
25 release.  This Court can only determine if there has been a repudiation, or "complete
26 frustration," of the settlement agreement after full briefing and argument on the issue.
27 See Keeling, 937 F.2d 410-11.

28  Plaintiff's motion to re-open the case is thus DENIED without prejudice.

1          **B.     Plaintiff's Request for a Protective Order**

             In a footnote, Plaintiff stated that it "has not submitted a copy of the [parties' settlement agreement].  Should the Court wish to review the Release, Plaintiff will submit the document and requests that the Court enter a protective order."  ECF No. 10, n.4.

             Under Rule 26(c), a party must make a showing of good cause to obtain a protective order.  "Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows good cause why a protective order is necessary. . . . [I]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public.  Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown."  Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) (internal citations omitted); see also In re Agent Orange Product Liability Litig., 821 F.2d 139, 145 (2d Cir.1987) ("[I]f good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public.").

             "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."  Phillips ex rel. Estates of Byrd, 307 F.3d at 1210-11.  The request must demonstrate a "particularized showing of good cause with respect to any individual document" for which a protective order is requested.  San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose), 187 F.3d 1096, 1102 (9th Cir. 1999); see Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test").

///
///
///

"If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips ex rel. Estates of Byrd, 307 F.3d at 1210-11; see Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995) (citing factors).

District Courts have broad discretion "to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). Courts may grant protective orders for a variety of reasons, including to protect confidential settlement agreements. Phillips ex rel. Estates of Byrd, 307 F.3d 1206, 1212 (9th Cir. 2002) (citing Hasbrouck v. Bank America Housing Serv., 187 F.R.D. 453, 455 (N.D.N.Y. 1999) and Kalinauskas v. Wong, 151 F.R.D. 363, 365–67 (D. Nev. 1993) as examples of trial courts granting protective orders to protect confidential settlement agreements). However, despite the authority to grant protective orders for confidential settlement agreements, because allowing full discovery of such agreements "could discourage similar settlements," a court will carefully weigh the countervailing interests to determine whether a protective order is appropriate under the circumstances. Kalinauskas, 151 F.R.D. at 365. "Confidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties. Sound judicial policy fosters and protects this form of alternative dispute resolution." Id. at 365. Therefore, a party seeking a protective order for a confidential settlement agreement must establish good cause with "particular and specific facts rather than conclusory assertions." Hasbrouck, 187 F.R.D. at 455. "[I]f the movant establishes good cause for protection, the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." Id.[5]

///

///

---

[5] Here, because the settlement and confidentiality agreement between Plaintiff and Defendant "was not ordered by a court, nor even filed with a court . . .  good cause is the proper standard by which to evaluate the propriety of a protective order." Hasbrouck, 187 F.R.D. at 455.

Plaintiff failed to make a showing of good cause.  Plaintiff merely requested in a footnote that the Court enter a protective order without providing any basis or reasoning for its request other than stating that the agreement is confidential.  Plaintiff did not show how specific prejudice or harm will result if no protective order is granted.  While a court may issue a protective order for a confidential settlement agreement, good cause must be established by particular and specific facts rather than conclusory assertions.  Because Plaintiff did not make a showing of good cause, this Court cannot balance public and private interests to decide whether a protective order is necessary under the circumstances.  Plaintiff's request for a protective order is DENIED without prejudice.

**CONCLUSION**

Plaintiff's motion to re-open this case and request for a protective order are DENIED without prejudice.  Should Plaintiff submit a second motion to re-open, the motion must comply with the requirements of Rule 60(b) as outlined in this order, as well as with Local Rule 230(j).  Plaintiff may also move for a protective order, and, in so doing, must establish good cause as to why such an order is warranted.  If no amended motion to re-open this action is filed within thirty (30) days of the electronic filing of this order, without further notice to the parties, the dismissal of Plaintiff's motion shall become final with no further leave to amend.

IT IS SO ORDERED.

Dated:  December 23, 2013

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT